UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LOUIS G. CONKLIN,

*Plaintiff-Appellant,*

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,

*Defendant-Appellee.*

No. 00-1408

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-99-83)

Argued: February 28, 2001

Decided: April 16, 2001

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Ginger Jonas Largen, MOREFIELD, KENDRICK, HESS
& LARGEN, P.C., Abingdon, Virginia, for Appellant. Robert Drum,
Office of the General Counsel, SOCIAL SECURITY ADMINISTRA-
TION, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** James

A. Winn, Regional Chief Counsel, Connie Hoffman-Healey, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECUR-ITY ADMINISTRATION, Philadelphia, Pennsylvania; Robert P. Crouch, Jr., United States Attorney, John F. Corcoran, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Louis Conklin challenges the Social Security Commissioner's denial of his claim for disability benefits. *See* 42 U.S.C. § 405(g) (1994). An Administrative Law Judge (ALJ) and the district court both affirmed the Commissioner's denial. Because the ALJ's decision is supported by substantial evidence, *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990), we affirm the judgment of the district court.

I.

Louis Conklin once worked as a deputy sheriff. In June 1994, he sustained injuries to his arm, neck, and back as a result of an automobile accident. After his accident, Conklin received treatment in the form of medication and physical therapy. Conklin has not engaged in any gainful activities since the accident. He applied for disability benefits in April 1995, alleging disability since the date of the accident.

The ALJ convened a hearing in 1997. Testimony was taken from a number of individuals, including Conklin, four physicians, and a vocational expert (VE). The VE was questioned in detail about what jobs Conklin could perform given his physical and mental condition. After listening to this testimony, the ALJ concluded that Conklin's impairments would prevent him from returning to work as a deputy

sheriff. The ALJ found, however, that Conklin was not disabled within the meaning of the Social Security Act (the Act) because there were a number of other jobs he could perform. This later conclusion was based largely on the testimony of the VE. Conklin's claim was therefore denied. The Appeals Council denied review and the district court affirmed the denial. This appeal followed.

## II.

Conklin contends the ALJ's decision is not supported by substantial evidence. The crux of Conklin's claim is that the ALJ improperly rejected key aspects of the testimony of Conklin's treating physician, Dr. Dubner. Dr. Dubner testified that Conklin suffered from severe depression and that as a result he was completely disabled. Conklin claims that the testimony of the VE was based on the assumption that Conklin suffered from only mild to moderate depression, as opposed to severe depression, and that this too was error.

As the district court noted, Dr. Dubner qualified as a "treating physician" based on the fact that he had been treating Conklin for two years at the time of the hearing. And although the testimony of a treating physician must be accorded greater weight than the testimony of others, such testimony need not be controlling. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). Rather, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* at 590.

Here, Dr. Dubner's testimony that Conklin suffered from completely disabling severe depression was inconsistent with Dubner's own notes and his treatment of Conklin. According to his notes from Conklin's initial visit, Conklin's dress, relational skills, social behavior, thought process, memory functions, and orientation were all consistent with a diagnosis of mild depression. At the end of this first appointment, Dr. Dubner decided to prescribe two medications and psychotherapy to treat Conklin's depression. Conklin visited Dubner five times over the next twelve months. According to Dubner's notes from these visits, Conklin's condition remained unchanged. However, the only change Dr. Dubner made to Conklin's treatment was to add a third medication to address the development of agoraphobia. Based

on this evidence, the ALJ rejected Dr. Dubner's testimony regarding the severity of Conklin's depression.

Further supporting the ALJ's conclusion that Conklin was not completely disabled was the testimony of the three other physicians who testified at the hearing. None of the other physicians who treated Conklin found him to be completely disabled. In fact, one of the doctors, Dr. Matthew Wood, found that six months after the accident Conklin could perform light duties and recommended to Conklin that he stay active. Moreover, the VE was specifically asked if there were any jobs Conklin could perform or if he was completely disabled. The VE, after considering all of the evidence accepted by the ALJ, concluded that Conklin could perform several unskilled jobs including security guard, surveillance system monitor, information clerk, and greeter. The ALJ thus concluded that Conklin was not disabled with the meaning of the Act.

We agree with the district court that the ALJ properly discounted certain aspects of Dr. Dubner's testimony. We also agree that there is substantial evidence to support the ALJ's determination that Conklin is not disabled. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the applicable law, we conclude that the district court correctly affirmed the ALJ's decision. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*